IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIPP JONES | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| NATIONWIDE PROPERTY AND | § | CIVIL ACTION NO. 4:16-cv-2528 |
| CASUALTY INSURANCE COMPANY | § | |
| AND HEATHER DIAMOND | § | |
|     *Defendants*. | § | |

## NOTICE OF REMOVAL

Defendant, Nationwide Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Kipp Jones v. Nationwide Property and Casualty Insurance Company and Heather Diamond*; Cause No. 201642560, in the 164th Judicial District of Harris County, Texas.

## I.
## BACKGROUND

1. Plaintiff Kipp Jones (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. 201642560, in the 164th Judicial District of Harris County, Texas on June 22, 2016 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on August 17, 2016, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Defendant Heather Diamond ("Diamond") has not been served and has not made an appearance in this case. However, Diamond consents to this removal. *See* August 15, 2016 Declaration of Heather Diamond, ¶ 5, attached as **Exhibit C**.

4. Pursuant to 28 USC § 1446(a) and Local Rule 81, all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action not otherwise specifically identified as separate exhibits have been requested and will be filed upon receipt.

5. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 164th Judicial District of Harris County, Texas.

6. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

8. Plaintiff is domiciled in Harris County, Texas. *See* **Exhibit A**, ¶ 2. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

9.     Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

10.    Diamond is domiciled in Gainesville, Alachua County, Florida. *See* **Exhibit C,** ¶ 3. Pursuant to 28 U.S.C. § 1332(a), therefore, Diamond is a citizen of the State of Florida Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

11.    Plaintiff's Original Petition states that Plaintiff seeks "monetary relief between $100,000 and $200,000.00."  *See* **Exhibit A**, ¶ 6.  The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

12.    Plaintiff further seeks compensation for (1) actual damages, (2) treble damages, (3) 18% penalty interest attorney's fees, (4) mental anguish damages, (6) pre and post-judgment interest, and (7) attorney's fees.  *See* **Exhibit A**.  Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit A,** ¶¶ 25, 35 and 41; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

13.    The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[1] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## III.
## CONCLUSION

14.     Removal of this action under 28 U.S.C. § 1441(b) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15.     WHEREFORE, Defendant Nationwide Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

                Respectfully submitted,

                */s/ Patrick M. Kemp*
                Patrick M. Kemp
                Texas Bar No. 24043751
                Southern District Bar No. 38513
                pkemp@smsm.com
                Segal McCambridge Singer and Mahoney
                100 Congress Avenue, Suite 800
                Austin, Texas 78701
                (512) 476-7834
                (512) 476-7832 – Facsimile

                **ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District Bar No. 1117137
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail/return receipt requested on this 17th day of August, 2016:

Bryant Fitts                                                                         ***7196 9008 9111 1861 5614***
Carla Delpit
Fitts Law Firm, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
bfitts@fittslawfirm.com
cdelpit@fittslawfirm.com

                                                      */s/ Patrick M. Kemp*
                                                      Patrick M. Kemp