# Exhibit A

Case 4:16-cv-02528 Document 1-1 Filed in TXSD on 08/17/16 Page 2 of 13

6/22/2016 5:39:55 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11289339
By: Nelson Cuero
Filed: 6/22/2016 5:39:55 PM

NO. _____

| | | |
|---|---|---|
| KIPP JONES | § | IN THE DISTRICT COURT |
|  Plaintiff, | § | |
| | § | |
| V. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY and | § | |
| HEATHER DIAMOND | § | |
| | § | |
| | § | |
|  Defendants. | § | HARRIS, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND**
**INITIAL WRITTEN DISCOVERY REQUESTS**

Pursuant to the Texas Rules of Civil Procedure, Plaintiff, Kipp Jones, files this Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions of Defendants, Nationwide Property and Casualty Insurance Company and Heather Diamond (collectively, "Defendants") and, in support, respectfully shows the Court as follows:

**I.**
**DISCOVERY CONTROL PLAN**

1. This case is intended to be governed by Discovery Level 2.

**II.**
**PARTIES & SERVICE**

2. Kipp Jones ("Plaintiff") resides in Harris County, Texas.

3. Defendant Nationwide Property and Casualty Insurance Company ("Nationwide") is an insurance company doing business in Texas, and it may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4. Defendant Heather Diamond ("Diamond") is a resident of the State of Texas and an individual insurance adjuster doing business in the State of Texas. This Defendant assisted

---

with adjusting the claim at issue and may be served with process at 3400 Southpark Place, Suite A, DSPF-62, Grove City, Ohio 43123, or wherever he may be found.

### III.
### JURISDICTION & VENUE

5. This court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief between $100,000.00 and $200,000.00.

7. Venue is proper in Harris County, Texas because the insured property is situated in Harris County, Texas and/or the contract was signed in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

### IV.
### FACTS

8. Plaintiff is a named insured under a property insurance policy (the "Policy") issued by Nationwide. The Policy insures, among other things, against losses from storm damage, including but not limited to hail and wind damage, to Plaintiff's property, namely, the real property and improvements located at 13822 Coushatta Court, Cypress, Texas 77429-4096 (the "Property").

9.      On or about July 15, 2015, during the policy period, a storm caused covered damage to the Property.  Specifically, the storm, at a minimum, caused damages to Plaintiff's property including, but not limited to, Plaintiff's roof, gutters, fence and interior.

10.     Shortly after the storm, Plaintiff noticed damage to his home.  He contacted Nationwide to notify Nationwide of the damage.

11.     Plaintiff submitted a claim to Nationwide against the Policy for all damage the Property sustained as a result of the storm.

12.     Plaintiff asked Nationwide to honor its contractual obligations and cover the cost of repairs to Plaintiff's home.

13.     Nationwide assigned Defendant Diamond to adjust the Claim.  Defendant Diamond conducted a substandard investigation of Plaintiff's claim, inspecting the property once for no more than forty-five minutes.  Diamond failed to thoroughly investigate Plaintiff's losses, and spent a grossly inadequate amount of time on the investigation.

14.     Despite obvious visible wind and hail damage caused by the storm, Diamond, on her own behalf and on behalf of Nationwide, verbally misrepresented to the Plaintiff at the time of the inspection that there was only minor hail damage from the storm. Diamond then misrepresented, on her own behalf and on behalf of Nationwide in a letter to Plaintiff dated July 24, 2015 that Plaintiff's home had sustained minor wind or hail damage, the repair cost of which did not exceed his deductible, although the Property clearly had sustained wind and/or hail damage.

15.     Together, Defendants Nationwide and Diamond set out to deny properly covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

16. Defendant Nationwide failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery upon the Policy have been performed by Plaintiff. Nationwide's conduct constitutes a breach of the insurance contract between Nationwide and Plaintiff.

17. Even though Plaintiff's home sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy would provide coverage for weather related damage, thus falsely claiming that the Policy would cover these damages. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19. Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

20. Defendants failed to provide Plaintiff with a reasonable explanation for the denial of their claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21. Defendant Nationwide failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

22. Defendant Nationwide failed to accept Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23. Defendant Nationwide has delayed payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received any payment for their claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24. Since the time Plaintiff's claim was presented to Defendant Nationwide, the liability of Nationwide to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Nationwide has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of Nationwide's duty of good faith and fair dealing.

25. All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of such material information from Plaintiff.

26. To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of the Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## V.
## CAUSES OF ACTION

**A.     Breach of Contract (Against Nationwide)**

27. Defendant Nationwide had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. Nationwide breached the terms of that contract by wrongfully denying the claim and Plaintiff was damaged thereby.

___

28. Defendant Nationwide is therefore liable to Plaintiff for breach of contract.

**B.    Prompt Payment of Claims Statute (Against Nationwide)**

29. The Claim is a claim under an insurance policy with Defendant Nationwide, of which Plaintiff gave Nationwide proper notice, causing Nationwide to be liable for the Claim.

30. Defendant Nationwide violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

   a. Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Nationwide reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

   b. Failing to notify Plaintiff in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

   c. Delaying payment of the Claim following Nationwide's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

31. Defendant Nationwide is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.    Unfair Settlement Practices/Bad Faith (Against Both Defendants)**

32. Each of the foregoing paragraphs is incorporated by reference in the following.

33. As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

   **Defendant Nationwide**

34. Defendant Nationwide engaged in unfair settlement practices by:

   a. misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue;

   b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Nationwide's liability had become reasonably clear, particularly by not complying with Plaintiff's request to schedule a re-inspection of the Property;

   c. failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   d. failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

   e. refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

35. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Nationwide and was a producing cause of Plaintiff's damages. Nationwide is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**Defendant Diamond**

36. Defendant Diamond was an insurance adjuster assigned by Defendant Nationwide to assist with adjusting the Claim. Defendant Diamond was charged with investigating the Claim and communicated with Plaintiff about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for

violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

37. Defendant Diamond was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

38. Defendant Diamond conducted a substandard, results-oriented inspection of the Property. For example, Diamond's entire inspection consisted of one forty-five minute to one hour visit to the Property. As such, Diamond failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as required by the Policy and Texas law.

39. Further, Defendant Diamond misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Diamond misrepresented to Plaintiff that he found no covered damage to the Property. Then, in a written misrepresentation to Plaintiff, Diamond further misrepresented that he found no covered damage where there clearly was weather related damage to the Property.

40. Thus, Defendant Diamond engaged in unfair settlement practices by:

   a. misrepresenting to Plaintiff a material fact or Policy provision relating to the coverage at issue;

   b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Nationwide's liability had become reasonably clear;

   c. failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Nationwide's denial of a claim or offer of a compromise settlement of a claim; and/or

d. failing to conduct a reasonable investigation of Plaintiff's Claim.

41. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Diamond and was a producing cause of Plaintiff's damages. Diamond is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**D.     DTPA (Against All Defendants)**

42. Each of the foregoing paragraphs is incorporated by reference here fully.

43. At all material times herein, Plaintiff is a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

44. Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

a. Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

b. Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

c. Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed;

d. Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration

paid in the transaction and the value received, all in violation of Chapter 541 of the Insurance Code;

e. Generally engaging in unconscionable courses of action while handling the claim; and/or

f. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

45. As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

46. Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**E.   Breach of Duty of Good Faith and Fair Dealing (Against Nationwide)**

47. Defendant Nationwide breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Nationwide knew or should have known liability was reasonably clear. Nationwide's conduct proximately caused Plaintiff's damages.

48. Defendant Nationwide further breached the common law duty of good faith and fair dealing by failing to schedule a re-inspection of the Property as requested by Plaintiff.

49. Defendant Nationwide is therefore liable to Plaintiff.

**F.   Attorneys' Fees**

50. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

51.     Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

52.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

53.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

54.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

55.     Plaintiff's demand a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

56.     Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

57.     All Defendants are also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

58.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice of Plaintiff's intent to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiff's written discovery requests.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiff prays that citations be issued and, upon final hearing of the case, Plaintiff recovers all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Bryant Fitts*
_____
**Bryant Fitts**
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFF**